UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BISHOU ZHANG,

*Plaintiff,*

-against-

XIANGYANG XIA, YU YAN CAI, NEW GOLDEN SPARKLING SUPERMARKET INC., GOLDEN SPARKLING NY LLC, NEW GOLDEN SPARKLING SUPERMARKET INC.,

*Defendants*

23-CV-2787 (ARR) (MMH)

NOT FOR ELECTRONIC OR PRINT PUBLICATION

**OPINION & ORDER**

ROSS, United States District Judge:

Plaintiff, Bishou Zhang, commenced this lawsuit against Xiangyang Xia, Yu Yan Cai, and several LLCs and corporations, alleging, among other things, that he has an ownership interest in one of the LLCs, and that Mr. Xia's dealings with the corporations and LLCs amount to breach of contract, fraud, waste, mismanagement, breach of fiduciary duty, conversion, embezzlement, and unjust enrichment. After Magistrate Judge Marcia M. Henry ordered Mr. Zhang to show cause why the action should not be dismissed for lack of subject matter jurisdiction, Mr. Zhang filed a First Amended Complaint. Defendants now move to dismiss the First Amended Complaint, arguing that it fails to join an indispensable party whose joinder would oust subject matter jurisdiction. For the reasons explained below, I grant defendants' motion.

**BACKGROUND**

The following facts, drawn from plaintiff's First Amended Complaint ("FAC"), are presumed to be true for the purpose of this motion for joinder and to dismiss. *See Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 113 (2d Cir. 2013); *Shanshan Shao v. Beta Pharma, Inc.*, No. 14-CV-1177 (CSH), 2017 WL 4955506, at *4 (D. Conn. Nov. 1, 2017).

Mr. Xia solicited Mr. Zhang to invest money in Golden Sparkling, LLC, in order to purchase a shopping mall in Florida ("the Florida property"), set up a supermarket business at that mall (New Golden Sparkling Supermarket, Inc., or "the Florida supermarket"), and rent out other store spaces in the mall. FAC ¶¶ 9, 14–18, ECF No. 8. Mr. Xia represented that he and Mr. Zhang would be partners, with ownership interests in Golden Sparkling, LLC—the only entity at issue for the purposes of this motion—based on the total capital that they each invested. *Id.* ¶ 18. Mr. Xia also asked Mr. Zhang to find additional investors, so Mr. Zhang recruited a friend, Chaojun Zheng, to invest under the same terms and conditions. *Id.* ¶¶ 19–20.

Mr. Xia told Mr. Zhang and Mr. Zheng that the Florida property would cost approximately five million dollars; he requested that they each invest one million dollars and stated that he would invest the rest of the money necessary to purchase the property. *Id.* ¶¶ 22–23. Mr. Zhang agreed and wired the money to Golden Sparkling, LLC. *Id.* ¶¶ 24–26. Mr. Zheng did so as well. *Id.* ¶¶ 9, 27. Rather than invest his own money in the LLC, however, Mr. Xia borrowed approximately three million dollars in the LLC's name to purchase the Florida property. *Id.* ¶¶ 28–30.

After acquiring the Florida property, Golden Sparkling, LLC renovated the Florida supermarket and rented the other spaces in the mall to tenants. *Id.* ¶¶ 4, 34. Mr. Xia prepared an Assignment of LLC Interests in Golden Sparkling, LLC, which assigned membership in the LLC as follows: Fifty percent to Mr. Xia; fifteen percent to Mr. Zhang; fifteen percent to Mr. Zheng; and twenty percent to an individual named Fai Li. *Id.* ¶¶ 35–41.

At a meeting several years later, Mr. Xia represented that he had invested nearly six million dollars and owned seventy percent of interests.[1] *Id.* ¶¶ 46–47, 54. At the same meeting, he

1 It is unclear from the FAC whether this refers to seventy percent of Golden Sparkling, LLC, seventy percent of the Florida supermarket, or both.

acknowledged that Mr. Zhang is a member of Golden Sparkling, LLC. *Id.* ¶ 52. Despite Mr. Zhang's requests, Mr. Xia did not furnish any evidence to support his assertion that he had invested nearly six million dollars. *Id.* ¶¶ 49, 54. Mr. Xia subsequently transferred assets of Golden Sparkling, LLC to another LLC with a nearly identical name, Golden Sparkling NY LLC ("the New York LLC"), of which Mr. Xia and his wife, Ms. Cai, are members. *Id.* ¶¶ 55–57, 68. Using that money, the New York LLC purchased property for a supermarket co-owned by Mr. Xia and Ms. Cai (New Golden Sparkling Supermarket, Inc.—the same name as the Florida supermarket—or "the New York supermarket"). *Id.* ¶ 68. Mr. Xia offered Mr. Zhang eight hundred thousand dollars to buy out his ownership interests in Golden Sparkling, LLC. *Id.* ¶ 69.

Mr. Zhang filed a Complaint against Mr. Xia, Ms. Cai, the Florida supermarket, the New York supermarket, the New York LLC, and Golden Sparkling, LLC. Compl. 1, ECF No. 1. The Complaint asserted that Golden Sparkling, LLC is a citizen of Florida because it is formed under the laws of Florida and has its principal place of business located in Florida. *Id.* ¶ 3. Magistrate Judge Marcia M. Henry issued an order to show cause why the Complaint should not be dismissed for lack of subject matter jurisdiction, reminding plaintiff that a limited liability company takes the citizenship of each of its members and directing him to plead the identity and citizenship of the LLC. Docket Order dated May 5, 2023.

Mr. Zhang then filed the FAC, which contains several relevant changes. The FAC no longer lists Golden Sparkling, LLC as a defendant. FAC 1. It explains that Mr. Zhang, a citizen of China, is a member of Golden Sparkling, LLC. *Id.* ¶¶ 1, 9. The case caption, which originally identified Mr. Zhang as bringing this suit "individually and as a member of Golden Sparkling, LLC," now merely states Mr. Zhang's name. *Compare* Compl. 1 *with* FAC 1. Correspondingly, in the seventh cause of action, the FAC now asserts only breach of fiduciary duty to Mr. Zhang, rather than to

Golden Sparkling, LLC. FAC ¶ 183. Otherwise, the FAC is identical to the original Complaint in all respects relevant to this motion. *Compare* FAC *with* Complaint.

The FAC asserts the following causes of action: against Mr. Xia, breach of agreement, detrimental reliance, and fraud, *id.* ¶¶ 72–160; against Mr. Xia and Ms. Cai, waste of assets, intentional mismanagement, negligent management, and breach of fiduciary duty, *id.* ¶¶ 167–86; and against all defendants, conversion, embezzlement, unjust enrichment, and compelling a full accounting and access to books and records, *id.* ¶¶ 161–66, 172–80, 187–93.[2] The FAC seeks an order declaring Mr. Zhang's ownership in Golden Sparkling, LLC, *id.* ¶¶ 91, 121, 157; an order directing Mr. Xia to provide an accounting and awarding judgment against Mr. Xia for profits and dividends accrued, *id.* ¶ 92, 94, 122, 124, 158, 160; an order compelling all defendants to provide a full accounting, *id.* ¶¶ 179–80; judgment against all defendants for all money embezzled or converted, *id.* ¶ 166; judgment against Mr. Xia and Ms. Cai for waste of assets, intentional mismanagement, and negligent mismanagement, *id.* ¶ 171; and judgment against Mr. Xia and Ms. Cai for breach of fiduciary duty, *id.* ¶ 186. Defendants subsequently filed the instant motion, arguing that Golden Sparkling, LLC is an indispensable party under Federal Rule of Civil Procedure 19 whose joinder would destroy subject matter jurisdiction, therefore requiring dismissal.[3]

---

2 It is at times unclear whether a certain cause of action is in fact asserted against Mr. Xia and Ms. Cai, or against all defendants. See FAC ¶¶ 161–66, 172–80, 181–86, 187–93. I have characterized the various causes of action according to my best reading of the FAC.

3 Defendants ask me to join Golden Sparkling, LLC as a required party and then dismiss the FAC for lack of subject matter jurisdiction. Defs.' Mem. in Supp. of Mot. Dismiss 1–2, ECF No. 19-1. As discussed herein, however, this misunderstands the Rule 19 analysis: If joining a necessary party would destroy subject matter jurisdiction, then joinder is not feasible, and I must consider whether the party is indispensable, such that the action cannot proceed in its absence. See Fed. R. Civ. P. 19.

## LEGAL STANDARD

Required joinder is governed by Federal Rule of Civil Procedure 19. This rule "recognizes exceptional circumstances in which the plaintiff's choice of parties or forum must give way because of an absent party's interest in the outcome of the action or involvement in the underlying dispute." *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 131 (2d Cir. 2013).

Rule 19 provides a two-part inquiry. I "must first determine whether the [party] is a necessary party" under Rule 19(a). *Weber v. King*, 110 F. Supp. 2d 124, 127 (E.D.N.Y. 2000). A party is necessary if, in its absence, I "cannot accord complete relief among existing parties" or that party "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may" either "impair or impede the person's ability to protect the interest" or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1). Joinder of a necessary party is not feasible, however, if doing so would deprive the court of jurisdiction. *See* Fed. R. Civ. P. 19(a); *Marvel Characters*, 726 F.3d at 132.

If a party is necessary but joinder is not feasible, I must then consider under Rule 19(b) "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." *Weber*, 110 F. Supp. 2d at 127 (quoting Fed. R. Civ. P. 19(b)). This requires weighing the following factors: "(1) whether a judgment rendered in a person's absence might prejudice that person or parties to the action, (2) the extent to which any prejudice could be alleviated, (3) whether a judgment in the person's absence would be adequate, and (4) whether the plaintiff would have an adequate remedy if the court dismissed the suit." *Marvel Characters*, 726 F.3d at 133 (citation omitted). Weighing

these factors "requires an understanding of the legal interests at stake." *Id.* If I determine, based on this inquiry, that the necessary party is indispensable, the action should be dismissed. Fed. R. Civ. P. 19(b).

## DISCUSSION

### I. Golden Sparkling, LLC Is a Necessary Party Whose Joinder Is Not Feasible.

Golden Sparkling, LLC is a necessary party under Rule 19(a). The presence of some members of the LLC before me is not "sufficient to protect the interests of the" LLC, because under Florida law "an LLC is a separate legal entity . . . [whose] members are afforded corporate-like limited liability protection" and that "has rights and obligations which are separate and distinct from those of its members." *Weber*, 110 F. Supp. 2d at 128 (internal citation and quotation marks omitted); *see* Fla. Stat. §§ 605.0108(1) ("A limited liability company is an entity distinct from its members."), 605.0109(1) ("A limited liability company has . . . powers, rights, and privileges . . . including the power to . . . [s]ue, be sued, and defend in its name."); *Palma v. S. Fla. Pulmonary & Critical Care, LLC*, 307 So. 3d 860, 866 (Fla. Dist. Ct. App. 2020) (noting "the principle of law deeply ingrained in our legal and economic system that an LLC is an autonomous legal entity, separate and distinct from its members"). It follows that, for the purposes of Rule 19 analysis, "the [c]ompany's interests may also be distinct from those of its members." *Weber*, 110 F. Supp. 2d at 128.

Mr. Zhang, arguing against joinder, analogizes Golden Sparkling, LLC to a limited partnership and cites several cases holding that, where all partners of a limited partnership are before the court, the partnership need not be joined. Pl.'s Opp'n 6–7, ECF No. 20 (citing *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *HB Gen. Corp. v. Manchester Partners, L.P.*, 95 F.3d 1185, 1191, 1193 (3d Cir. 1996); *Delta Fin. Corp. v. Paul D. Comanduras & Assocs.*, 973

F.2d 301, 303 (4th Cir. 1992); *Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 91–92 (2d Cir. 1990)). Even setting aside the pertinent legal differences between an LLC and a limited partnership, however, *see Exch. Point LLC v. U.S. SEC*, 100 F. Supp. 2d 172, 174 (S.D.N.Y. 1999) (citing *Cosgrove*, 150 F.3d at 731)), these cases are of little help to plaintiff because here, not all members of Golden Sparkling, LLC are before me. The FAC alleges that Mr. Zheng invested in the LLC and owns at least fifteen percent of the LLC, but that Mr. Xia converted Mr. Zheng's ownership interests to his own. FAC ¶¶ 20–23, 27, 41, 66. It similarly alleges that Mr. Li owns at least twenty percent of the LLC, but that Mr. Xia converted Mr. Li's ownership interests to his own. *Id.* ¶¶ 41, 67. Neither Mr. Zheng nor Mr. Li is a party to this action. The presence of only some alleged members of Golden Sparkling, LLC therefore offers little reassurance: Even if an LLC, like a partnership, is "like a marionette . . . [that] cannot make a move unless some human being pulls the strings," here, some of the people with the power to pull those strings are absent from this action. *HB Gen. Corp.*, 95 F.3d at 1191.

Moreover, even if all members of Golden Sparkling, LLC were before me, that would be "insufficient to assure adequate representation of the [c]ompany's interests where . . . the members are in conflict": If each member "appears before the court to represent his or her individual" membership interest, "and if those interests are in conflict, then in representing themselves the [members] are no longer an adequate representation of the totality of interests." *Weber*, 110 F. Supp. 2d. at 128 (quoting *Knox Leasing v. Turner*, 562 A.2d 168, 172 (N.H. 1989)). That is precisely the situation here: Mr. Zhang is representing his individual interest in Golden Sparkling, LLC, which, from the face of the FAC, appears to be in conflict with Mr. Xia's claimed interest in the LLC. *See* FAC ¶ 82–83, 91 (arguing that Mr. Zhang owns at least fifty percent of the LLC, despite Mr. Xia's claim that he owns approximately seventy percent of the LLC).

Joinder of Golden Sparkling, LLC is not feasible because the addition of this party would "deprive the court of subject-matter jurisdiction." Fed. R. Civ. P. 19(a)(1). This action is in federal court on diversity jurisdiction, FAC ¶ 11, which requires complete diversity among adverse parties, *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000). Mr. Zhang is a citizen of China, FAC ¶ 1, and because Mr. Zhang is a member of Golden Sparkling, LLC, *id.* ¶ 9, and a limited liability company takes the citizenship of each of its members, *Handelsman*, 213 F.3d at 51, Golden Sparkling, LLC is therefore also a citizen of China. Joinder of Golden Sparkling, LLC would accordingly destroy complete diversity between all plaintiffs and defendants and oust jurisdiction. *See* 28 U.S.C. § 1332; *Weber*, 110 F. Supp. at 128–29.

## II. Golden Sparkling, LLC Is an Indispensable Party Without Whom This Case Cannot Proceed.

Golden Sparkling, LLC is an indispensable party under Rule 19(b): It will likely be prejudiced if it is not joined; that prejudice likely cannot be alleviated; a judgment in its absence will likely not be adequate; and plaintiff has an adequate remedy in state court. *Marvel Characters*, 726 F.3d at 133.

An LLC risks prejudice without joinder if its "interests lie at the core" of the action and "none of the parties before the [c]ourt can adequately represent [its] interests." *Weber*, 110 F. Supp. 2d at 130. Both conditions are met here. First, Mr. Zhang's suit concerns alleged harm not only to himself, but also to the LLC. Although the FAC removed several phrases clarifying as much, the gravamen of the FAC is still that defendants' actions harmed both Mr. Zhang and the LLC itself. *See id.* ¶ 163–65 (alleging that defendants converted funds from the LLC); ¶ 168 (alleging that defendants have "wantonly and recklessly refused to operate [the LLC] in the best interests of [it] and its owners"); ¶ 185 (alleging that defendants "appropriated and embezzled funds and assets of [the LLC] . . . for their own personal gain"); ¶ 189 (alleging that defendants "arbitrarily and

recklessly transferred assets of [the LLC] to themselves and their business" in New York). The FAC therefore "belie[s] any suggestion" that Golden Sparkling, LLC is not indispensable to this suit: "even a cursory reading of the complaint demonstrates that the interests of the LLC . . . are significantly impacted by [] plaintiff's allegations." Golden Sparkling, LLC. *Trademark Retail, Inc. v. Apple Glen Invs., LP*, 196 F.R.D. 535, 540, 542 (N.D. Ind. 2000). Second, as discussed, neither Mr. Xia nor Mr. Zhang can "adequately represent the [LLC's] interests." *Weber*, 110 F. Supp. 2d at 130. Its "members are in conflict," and "at issue are the very [a]greements which appear to have served as the basis for the creation of [the LLC] in the first instance." *Trademark Retail*, 196 F.R.D. at 541. Proceeding without Golden Sparkling, LLC could therefore prejudice the company, and because not all members of the LLC are before me, I am unable to alleviate that prejudice by ordering them to take or refrain from certain actions to protect the LLC's interests. *See Curley*, 915 F.2d at 90 (reasoning that the district court could alleviate prejudice by "shaping the future relief in th[e] action" because all partners of the absent partnership were before the court).

A judgment in Golden Sparkling, LLC's absence may very well be inadequate. "[A]dequacy refers to the public stake in settling disputes by wholes, whenever possible." *CP Sols. PTE, Ltd. v. Gen. Electric Co.*, 553 F.3d 156, 160 (2d Cir. 2009) (quoting *Republic of Philippines v. Pimentel*, 553 U.S. 851, 870 (2008)). This factor is concerned with the "social interest in the efficient administration of justice and the avoidance of multiple litigation." *Pimentel*, 553 U.S. at 870 (citation omitted). Although, as discussed, the LLC's interests are a central component to this action, Mr. Zhang has deliberately not styled the FAC as a derivative suit on behalf of the LLC. Mr. Xia could therefore be subject to a subsequent such suit on the LLC's behalf. For a judgment in this action to bind the LLC under res judicata, "the interests involved in [this] litigation" would

need to be "virtually identical to those in later litigation." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (citation omitted). Because it is not clear that the interests of Mr. Zhang and the LLC in fact align, the LLC might not be bound by a judgment rendered in its absence, making that judgment inadequate. *See Errico v. Stryker Corp.*, 281 F.R.D. 182, 188–90 (S.D.N.Y. 2012). Even if a judgment rendered in Golden Sparkling, LLC's absence would bind the LLC in any subsequent litigation, however, this factor should not "be given dispositive weight when the efficacy of the judgment would be at the cost of the absent part[y's] right[] to participate in litigation that critically affect[s] [its] interests." *Wichita & Affiliated Tribes of Okla. v. Hodel*, 788 F.2d 765, 777 (D.C. Cir. 1986).

The availability of an alternative remedy weighs in favor of the conclusion that Golden Sparkling, LLC is indispensable. Plaintiff has not suggested any reason why this matter cannot be litigated in state court. And although it is true that "Rule 19 is about protecting absent persons from unfair prejudice," not about "giving a named defendant veto power over the plaintiff's chosen forum," here, as discussed, Golden Sparkling, LLC would very likely experience unfair prejudice were this action to proceed in federal court without it. *Am. Trucking Ass'n, Inc. v. N.Y. State Thruway Auth.*, 795 F.3d 351, 360 (2d Cir. 2015).

Weighing the Rule 19(b) factors, I find that Golden Sparkling, LLC is an indispensable party, such that I cannot resolve the claims before me "in equity and good conscious" without joinder of Golden Sparkling, LLC. Fed. R. Civ. P. 19(b).[4]

4 Because I find that Golden Sparkling, LLC is a required, indispensable party that cannot be joined without ousting subject matter jurisdiction, I do not address defendants' underdeveloped arguments that personal jurisdiction over Golden Sparkling, LLC and the Florida supermarket is lacking.

**CONCLUSION**

For the reasons stated above, defendants' motion to dismiss this action is granted. The Clerk is directed to enter judgment against the plaintiff and in favor of the defendants dismissing the FAC.

SO ORDERED.

/s/
Allyne R. Ross
United States District Judge

Dated: October 20, 2023
Brooklyn, New York